# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
01/23/2012
CT Log Number 519844446

| | |
|---|---|
| **TO:** | Ray Carroll<br>Goodman Manufacturing Company, L.P.<br>5151 San Felipe, Suite 500<br>Houston, TX 77056 |
| **RE:** | **Process Served in Tennessee** |
| **FOR:** | Goodman Manufacturing Company, L.P. (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bobby Harris, Petitioner/Pltf. vs. Goodman Manufacturing Company, L.P., Respondent/Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return on Service, Complaint |
| **COURT/AGENCY:** | Lincoln County Circuit-General Sessions Court, TN<br>Case # C1200004 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On August 12, 2011 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/23/2012 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | David M. Dolan<br>1161 Murfreesboro Road, Suite 200<br>Nashville, TN 37217<br>615-361-3850 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 797978753007<br>Email Notification, Ray Carroll RAY.CARROLL@GOODMANMFG.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |


RECEIVED JAN 26 2012 By____

Page 1 of 1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| Lincoln County Circuit COURT | SUMMONS | CASE FILE NUMBER C1200004 |
|---|---|---|
| PLAINTIFF<br><br>Bobby Harris | DEFENDANT<br><br>Goodman Manufacturing Company, L.P. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

CT Corporation System
Registered Agent: Goodman Manufacturing Co., L.P.
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Method of Service: Personal Service

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CIRCUIT COURT, LINCOLN COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br><br>David Dolan, Esq.<br>1161 Murfreesboro Road Suite 200<br>Nashville, TN 37217<br>615-361-3850 | FILED, ISSUED & ATTESTED<br><br>1-11-2012<br>Circuit Court Clerk<br>By: W. David Corder<br><br>Circuit Court Clerk |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |
|---|---|

IN THE CIRCUIT COURT OF LINCOLN COUNTY, TENNESSEE
AT FAYETTEVILLE

BOBBY HARRIS, )
    Petitioner/Plaintiff, )
     ) No.: C1200004
v. )
     )
GOODMAN MANUFACTURING COMPANY, L.P., ) Jury of 12 demanded
    Respondent/Defendant. )

## COMPLAINT

Comes the Petitioner, Bobby Harris, by and through Counsel, and brings this complaint for violation of 29 U.S.C. 28 §§ 2601-2654, (2010), commonly referred to as the "Family Medical Leave Act", or FMLA. For cause, the Petitioner would show the following:

### I. PARTIES, JURISDICTION, AND VENUE

Plaintiff Bobby Harris was employed at a factory owned and operated by the Defendant. The Plaintiff resides in Marshall County, Tennessee. Defendant Goodman Manufacturing, Inc. is a domestic corporation with its principal place of business located in Lincoln County, TN. The registered agent is C T Corporation System, and may be served with process at 800 S Gay St. Ste 2021, Knoxville, TN 37929. Goodman Manufacturing, Inc. is located in and conducts business in Lincoln County, Tennessee. Since the Defendant does business in this county, and the acts complained of occurred in this county, jurisdiction and venue are proper. Jurisdiction is also proper in state or federal court pursuant to 29 U.S.C. § 2617 (2).

## II. FACTUAL ALLEGATIONS

1. That the Petitioner was an employee, pursuant to § 2611 (2) of the FMLA statute.

2. That the Defendant is an employer, pursuant to § 2611 (4) (A).

3. That employer worked for employer as an employee from May 12, 2010 to August 12, 2011.

4. That the Petitioner properly filed for leave under the Family Medical Leave Act, for the dates of May 16, 2011 and July 5, 2011;

5. That the original application was backdated by the treating physician's office to the Human Resources department of Defendant to include the date of May 3, 2011.

6. The Defendant refused to recognize the additional date as an excused FMLA absence.

7. The issue of the additional absence was brought to the attention of both the Union representation and the attending HR representative before the Last Chance Agreement meeting.

8. The issue of the May 3 absence was brought up again by the employee at the Last Chance Agreement meeting.

9. The Plaintiff was told by the HR representative "we will not talk about any absences above this line", referring to absences before June 9, 2011, even though the absence on May 3, 2011 was still showing as an unexcused absence.

10. The Union representative and the HR representative both urged the Plaintiff to sign the Last Chance Agreement.

11. The punishment for not signing the Last Chance Agreement is termination;

12. The Plaintiff was left with no choice but to sign the Last Chance Agreement as offered by the company;

13. The Last Chance Agreement as executed is in violation of 29 U.S.C. 28 § 2652 (a) and (b).

14. Defendant's refusal to recognize the May 3, 2011 absence as an FMLA absence, and their subsequent refusal to reexamine the May 3 absence is a bad faith refusal to comply with the terms of this Act, pursuant to 29 U.S.C. § 2617 (1)(A)(3).

15. Defendant's refusal to recognize the May 3, 2011 absence as an FMLA absence is the direct and proximate cause of the Plaintiff being under a Last Chance Agreement as executed on June 9.

16. Defendant's refusal to recognize the May 3, 2011 absence as an FMLA absence is the direct and proximate cause of the Plaintiff's termination on August 12, 2011.

17. Plaintiff would not have been terminated but for the mischaracterization of his May 3 absence.

18. Defendant has been contacted several times by the treating physician's office subsequent to the dismissal of the Plaintiff, and has

refused to re-examine or adjust its position; which constitutes bad faith on the part of the employer;

19. Plaintiff has suffered damages as a result of his unemployment, including, but not limited to: lost wages, lost benefits, and liquidated damages under §2617(a), accrued interest from the date of loss, under §2617 (1)(A)(ii), and attorney's fees and costs, under § 2617 (3).

### III. CAUSE OF ACTION

The Defendant violated 29 U.S.C. §§ 2601-2654, commonly referred to as the Family Medical Leave Act, by refusing to backdate the FMLA excused absences, causing the Plaintiff loss of employment, wages and benefits from the date of termination to the date of filing. Defendant's refusal to adjust its position even after subsequent re-notification by the treating physician's office constitutes bad faith on the part of the employer.

### IV. PRAYER FOR RELIEF

Premises considered, the Plaintiffs pray:

1. This complaint be filed and a summons issue, requiring the Defendants to answer in the time permitted by law;
2. That this matter be set for trial at an early date;
3. For equitable relief as this Court finds proper;

4. For relief pursuant to 29 U.S.C. §§ 2601-2654, including lost wages, lost benefits, and liquidated damages under §2617(a), accrued interest from the date of loss, under §2617 (1)(A)(ii), and attorney's fees and costs, under § 2617 (3).
5. For all other damages as applicable;
6. For costs and fees to be taxed against the Defendants;
7. For general relief the court finds proper.

STATE OF TENNESSEE
COUNTY OF Marshall

I, Bobby Glynn Harris make oath that the facts stated in the foregoing document are true to the best of my knowledge and belief; that the complaint is not made out of levity or by collusion with the defendant, but in sincerity and truth, for the causes mentioned in said bill.

Bobby Glynn Harris

SWORN TO AND SUBSCRIBED before me this the 7th day of November, 2011.

NOTARY PUBLIC

My Commission Expires: 6-1-15



Respectfully submitted,

*[signature]*

David M. Dolan, # 29798
Ray Akers, #23471
1161 Murfreesboro Road
Suite 200
Nashville, TN. 37217
615-361-3850